**WHITE ROCK MINERAL SPRINGS CO. v. EDWARDS, Collector of Internal Revenue.**

District Court, S. D. New York.

1. **Internal revenue ⬤⟹11—Where manufacturer increased ginger ale price without separately itemizing tax in invoices, sales tax was collectable on entire invoice price (Revenue Act 1918, § 628 [Comp. St. § 6161½d]).**

Where, after levy of 10 per cent. tax on sale price of ginger ale under Revenue Act 1918, § 628 (Comp. St. § 6161½d), manufacturer of ginger ale, instead of making invoices show collection of tax separate from sales price, made flat increase in price per case constituting in some instances more than 10 per cent. increase in selling price and in other cases less, without any showing in invoice that tax was charged to purchaser as separate item, tax was properly collected on entire invoice price, in view of Revenue Act 1918, § 1309 (Comp. St. § 6371½i), and Treasury Regulation No. 52, art. 8.

2. **Internal revenue ⬤⟹11—Manufacturer of beverages may collect sales tax from purchaser without additional tax liability, provided sales price and tax are separately itemized (Revenue Act 1918, §§ 628, 1309 [Comp. St. §§ 6161½d, 6371½i]; Treasury Regulation No. 52, art. 8).**

Manufacturer of beverages subject to sales tax may collect tax imposed from purchaser without liability for tax on additional amount collected under Revenue Act 1918, § 628 (Comp. St. § 6161½d), Revenue Act 1918, § 1309 (Comp. St. § 6371½i), and Treasury Regulation No. 52, art. 8, provided sales tax and price are made separate items and treated as such in sales transaction.

At Law. Action by the White Rock Mineral Springs Company against William H. Edwards, as Collector of Internal Revenue of the Second District of New York. On defendant's motion to dismiss the complaint. Motion granted.

O'Brien, Boardman, Fox, Memhard & Early, Morgan J. O'Brien, Jr., and Isidor Bregoff, all of New York City, for plaintiff.

Charles H. Tuttle, U. S. Atty., and Samuel C. Coleman, Asst. U. S. Atty., both of New York City, for defendant.

GODDARD, District Judge. Motion by defendant to dismiss complaint, on the ground that it does not set forth a cause of action.

Plaintiff is a corporation engaged in the business of dispensing carbonated spring water and the manufacturing and dispensing of ginger ale, both being known in the trade as "White Rock" beverages. The sales of these beverages concededly were subject to the tax imposed by section 628 of title VI of the Revenue Act of 1918 (Comp. St. Ann. Supp. § 6161½d), which, so far as now material, reads as follows:

"There shall be levied, assessed, collected, and paid * * * upon all unfermented grape juice, ginger ale, * * * artificial mineral waters (carbonated or not carbonated), * * * and other soft drinks, * * * a tax equivalent to 10 per cent. of the price for which so sold."

During the tax period in question, commencing February 25, 1919, and ending April 30, 1920, plaintiff paid a total tax of $154,-634.78, that being 10 per cent. of the invoice price of its beverages to its customers. It claims that the total tax which was properly collectable was $138,394.44, leaving an excess of $16,240.35. To recover this excess the suit was brought.

The plaintiff contends that its invoice price included both the selling price and the tax, that the actual selling price was ten-elevenths of the invoice price, and that the remaining one-eleventh was the tax of 10 per cent. The government has taken the invoice price as the price for which the product was sold and computed and collected the tax accordingly.

The act went into effect February 24, 1919. On February 21, 1918, plaintiff sent to all its customers a circular telegram relating to White Rock water reading as follows:

"*We will be compelled to advance prices approximately one dollar per case upon signing of tax bill now pending. We will protect your present prices on any goods we may bill you on or before February twenty-fourth. Wire answer.*"

The schedule of price lists shows that there was a flat increase of $1 per case. In two instances the increase of a dollar was more than 10 per cent. of the old selling price and in one instance it was less. The plaintiff made no change in prices for White Rock ginger ale until July 23, 1919, when it sent to its customers the following circular:

"We regret to have to advise you that, owing to the current high cost of production, and the high expenses of all kinds that we have to meet, not to mention the federal beverage tax of ten per cent. that we pay on *White Rock ginger ale,* but to provide for which we have not heretofore changed our prices on that product, we shall be obliged to make our billing prices to you on *White Rock ginger ale,* effective on and after August 1, 1919, as follows:

| | | | |
|---|---|---|---|
| Per case of | 50 bottles | | $7.25 |
| " " " | 24 " | | 3.50 |
| " " " | 100 half bottles | | 10.50 |
| " " " | 24 " " | | 2.75 |
| " " " | 48 nips | | 4.00 |

"F. o. b. Waukesha, Wisconsin.

It appears from this schedule that there was a net advance of $1 a case—not an in-

crease of 10 per cent. on the then prevailing price. The following is a typical invoice of plaintiff's product to its customers:

"Please make all checks payable to the order of White Rock Mineral Springs Co.

"White Rock Mineral Springs Co.
"100 Broadway, New York, March 27, 1919.
"Stacy Fruit Co., Fort Dodge, Iowa.
"Shipped via Soo % C&OW.
                    Ordered through ———.
"Terms: 2% ten days, sixty days net, f. o. b. Waukesha.

| | | | | |
|---|---|---|---|---|
| 15 cases White Rock | 50 bottles | $7.25 | $ 108.75 |
| 10 cases White Rock | 100 half bottles | 10.50 | 105.00 |
| 10 cases White Rock | 100 splits | 8.00 | 80.00 |
| 60 cases ginger ale | 50 bottles | 6.25 | 375.00 |
| 20 cases   "    " | 24   " | 3.00 | 60.00 |
| 40 cases   "    " | 100 half bottles | 9.50 | 380.00 |
| 15 cases   "    " | 24   "    " | 2.50 | 37.50 |
| 100 cases   "    " | 48 nips | 2.50 | 250.00 |
| 5 cases Still Rock | 50 bottles | 4.75 | 23.75 |
| | | | $1,420.00 |

"Free goods:

4 cases ginger ale 100 half bottles.
3 cases   "    " 48 nips.

"Advertising matter:

60 match stands.
100 superiority C. A. signs.
50 White Rock C. A. signs.
50 White Rock banners.
50 cut outs                    URT–4715"

In its invoice plaintiff billed its goods for the full amount of its increased price, making no mention of any specific sum for taxes, and making no division of the price into true cost price and tax.

The question to be determined is whether the tax of 10 per cent. is to be paid upon the price stated in the invoice, or is there to be deducted from the invoice price the amount of a tax which would ordinarily be paid upon the price, and then imposing the tax only upon this diminished price. Taxes of this nature are frequently shifted from the manufacturer to the purchaser, and with the view of clarifying the situation the Commissioner of Internal Revenue, by Treasury Regulation 52, article 8, on May 3, 1919, promulgated the following:

"Basis for tax: Sale price. The tax is on the sale by the manufacturer of the beverage. It is measured by the price for which the beverage is sold. It is on the actual sales price of the beverage sold and not on the list price where that differs from the sales price. If the sales price of a taxable beverage is increased to cover the tax, the tax is on such increased sales price, but where the tax is billed as a separate item it is not to be considered as an increase in the sales price. The tax is payable in respect to a sale made whether or not the purchase price is actually collected."

Revenue Act 1918, § 1309 (Comp. St. Ann. Supp. 1919, § 6371½i), authorized the Commissioner of Internal Revenue "to make all needful rules and regulations for the enforcement of the provisions of this act," and the promulgated regulation seems to be not unreasonable, nor to go beyond the scope of a mere regulation, in so far as it applies to the facts in this case, for there was nothing at all in the invoice to inform the purchaser that, as distinct from the price, the purchaser was to reimburse the seller for an additional amount to cover the tax which the seller was compelled to pay.

[1, 2] The manufacturer sent circular notices to existing customers stating that, in view of increased costs and the new tax on its products, it would be compelled to increase its price and did increase it a flat rate, which, in some instances, was more and in others less than enough to meet the tax. This may have been an effort to increase the price to meet the tax it had to pay, but it was not a collection of the tax from the purchaser in addition to the price it received. Only one item was paid by the purchaser, and that was the "price" of the goods upon which the statute states the tax is to be computed upon. The idea of a tax of this nature is a tax computed upon the price for which the product is sold, and that as a matter of course it is included in the price, and is payable by the manufacturer. So that the mere announcement by a manufacturer that its price includes the tax, and that it has raised its price so as to meet increased cost of production and taxes, does not change the situation. The mere fact that the price includes the tax does not warrant a manufacturer in claiming that the price upon which the tax is to be computed is the price after the tax has been deducted. Neither the statute nor the regulation contemplates this. The price is one thing; the tax is another. If the manufacturer intends to sell his product, and also to collect the tax imposed upon it from the purchaser, there is no objection on the part of the government to its being done; but these are separate items, and must be treated as such in the transaction. Even if the precise requirements of the regulation be passed over, the fundamental idea and distinction of the items is lacking in the record of sales now under consideration.

Counsel for plaintiff refers to Gambrinus Brewery Co. v. Bowers (D. C.) 14 F. (2d) 246, as sustaining its position in the case at bar. In the Gambrinus Case the question presented was whether the freight charges which the manufacturer paid and collected from the purchaser were to be re-

garded as part of the purchase price upon which the tax was to be computed, and Judge Thacher held that they were not to be regarded as part of the price of the article, for the reason that the item of freight to be paid by the purchaser was separated in the invoice, and stated at page 246:

"It is insisted that the invoices do not disclose 'a distinct and separate delivery charge per case or other unit.' In this I cannot agree. The invoices expressly state that included in the single item there is a charge per unit for delivery, the unit charge being stated in dollars or cents."

So opposite facts are presented in the Gambrinus Case from those in the case at bar, and an opposite conclusion follows. My view of the situation here presented is in accord with that in Elmer Candy Co. v. Fauntleroy (D. C.) 19 F.(2d) 664.

Motion to dismiss the complaint granted.